**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 3:26-CV-334-JHM**

**JOHN M. PERRY** **PLAINTIFF**

**v.**

**STEPHANIE LEWIS, *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on an initial review of Plaintiff John M. Perry's *pro se* civil action pursuant to 28 U.S.C. § 1915(e)(2). [DN 1, DN 8]. For the reasons set forth below, the Court will dismiss this action.

**I.**

This case arises from a state court custody and child support enforcement action in the Jefferson Family Court. [DN 1, DN 4, DN 8]. Plaintiff sues the Cabinet for Health and Family Services ("CHFS"), CHFS Social Worker Stephanie Lewis, Judge Lauren Adams Ogden, Commonwealth's Attorney, CHFS Social Worker[1] Nichole Whetstone, Norton Children's Hospital, CHFS Supervisor Makayla Green, Court Clerks John and Jane Does 1-3, Family Court Clerk Jane Doe 1, and Family Court Clerk Jane Doe 2 associated with these actions. [*Id.*].

Plaintiff alleges that in April 2024, Defendants Lewis and Whetstone initiated an emergency removal action of Plaintiff's son at Norton Children's Hospital predicated "entirely upon fraudulent, unverified allegations of maternal substance abuse, deliberately bypassing mandatory agency protocols, safety assessments, and clear statutory constraints." [DN 8]; *see also* [DN 1]. Plaintiff states that Defendant Whetstone filed a subsequent petition with the family court

[1] In the complaint, Plaintiff references Nicole Whetstone as an attorney; however, parts of the family court/juvenile record provided by Plaintiff reflect that she is a social worker. [DN 7-1 at 7].

containing fraudulent information. Plaintiff also complains that Defendant Ogden continues to preside over and enforce the orders stemming from "this fraudulent process."

Plaintiff asserts that because Defendants exceeded the law, the state family court "lacked all subject-matter jurisdiction and legal authority to issue custody or financial mandates, rendering the continuing extrajudicial deprivation of property"—the child support garnishment from Plaintiff's income—a direct violation of Plaintiff's Fourteenth Amendment Due Process rights.

Plaintiff further alleges that Defendants CHFS, Lewis, Whetstone, and unnamed Supervisor John Doe engaged in "unlawful seizure and extrajudicial property deprivation." Plaintiff asserts that these Defendants utilized "continuous, extrajudicial enforcement mechanisms" to garnish and seize Plaintiff's fixed income "under the guise of child support collections" in violation of the Fourth Amendment. Plaintiff maintains that this garnishment has compromised his ability to secure food, housing, and medical care.[2]

As relief, Plaintiff requests the Court to restrain Defendants from executing any further enforcement, garnishment, or collection action against Plaintiff's income; to declare that all ongoing financial mandates and custody orders linked to the state family court case, Case No. 24-J-5023904-001, are void *ab initio*; to dismiss the state enforcement action with prejudice; to award compensatory damages; and for immediate return of the child. [DN 1, DN 8].

**II.**

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to

[2] In Plaintiff's original complaint, Plaintiff claims that the child's seizure also constitutes a direct violation of the Fourth Amendment. However, in his Amended Complaint, Plaintiff no longer makes this claim.

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citation omitted). Two elements are required to state a claim under § 1983. *Id.* (citations omitted). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Commonwealth's Attorney's Office and CHFS

A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment to the United States Constitution acts as a bar to all claims for relief against the Commonwealth of Kentucky. "[A] state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has expressly abrogated [the state's] immunity." *LeBlanc v. Hagan*, No. 1:16-CV-00178-GNS, 2017 WL 2779490, at *6 (W.D. Ky. June 27, 2017) (citation omitted); *see also Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity. *Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004). Thus, Plaintiff's claims against the Commonwealth's Attorney's Office, CHFS, and the Commonwealth of Kentucky must be dismissed for failure to state a claim upon which relief may be granted and as barred by the Eleventh Amendment. *See*, *e.g.*, *French v.*

*Hester*, 585 F. Supp. 3d. 974, 983 (E.D. Ky. 2022) (claim against the Commonwealth's Attorney's Office barred by Eleventh Amendment); *Fleet v. Commonwealth of Ky. Cabinet for Health & Family Servs.*, No. 3:15–CV–00476–JHM, 2016 WL 1241540, at *3 (W.D. Ky. Mar. 28, 2016) (claim against CHFS barred by Eleventh Amendment) (citing *Hatfield v. Cabinet for Health & Family Servs.*, No. CIV. 5:13–222–KKC, 2014 WL 1246354, at *2 (E.D. Ky. Mar. 25, 2014)).

**B. Claims for Declaratory and Injunctive Relief against all Defendants**

It is not clear whether the state family-court proceedings are ongoing or are no longer pending. To the extent Plaintiff seeks this Court's involvement in ongoing state family-court proceedings, *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008) and *American Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). All three factors supporting abstention are present in this case. The matters presented involve ongoing child support and custody proceedings and implicate important state interests in determining the welfare of a child. *See Zak v. Pilla*, 698 F.2d 800, 801 (6th Cir. 1982) (realm of domestic relations is an important state interest); *Izazaga v. Fleming*, No. 5:14-CV-00213-GNS, 2015 WL 1284158, at *3 (W.D. Ky. Mar. 18, 2015) (domestic relations). Additionally, there is no indication that the constitutional claims raised by Plaintiff could not be raised in his state-court proceedings.

Therefore, the Court concludes that the *Younger* abstention doctrine prevents the Court from providing Plaintiff with the relief he seeks.

To the extent that Plaintiff is challenging state-court proceedings that are no longer pending, under the *Rooker-Feldman* doctrine, "a federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments." *Higgs v. Dupuis*, No. 5:19CV-192-TBR, 2021 WL 2270707, at *2 (W.D. Ky. June 3, 2021); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). The "doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks and citation omitted). Plaintiff cannot seek to undo the outcome of a state court proceeding in this Court. *Higgs*, 2021 WL 2270707, at *2; *see also Schriber v. Sturgill*, No. 4:21-CV-49-JHM, 2021 WL 2149215, at *2 (W.D. Ky. May 26, 2021).

Accordingly, the claims for injunctive and declaratory relief must be dismissed as barred by the *Younger* and *Rooker-Feldman* abstention doctrines.

**C. Defendant Judge Ogden**

Plaintiff's claims against Defendant Ogden are subject to dismissal because she enjoys immunity for her alleged conduct in Plaintiff's state-court actions. "It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*,

502 U.S. 9 (1991) (*per curiam*)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978). A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. Plaintiff has not identified any actions by Defendant Ogden taken outside of her capacity as a judge. Thus, because Plaintiff's allegations against Judge Ogden relate solely to actions taken in her judicial capacity, Plaintiff's claims against her are subject to dismissal for failure to state a claim upon which relief may be granted and for seeking relief from a defendant who is immune from such relief.

**D. John and Jane Does**

Plaintiff also sues Court Clerks John and Jane Does 1-3, Family Court Clerk Jane Doe 1, and Family Court Clerk Jane Doe 2. Plaintiff complains that his constitutional rights were violated by these individuals' actions and conduct associated with filings, orders, and financial compliance in his state-court child support enforcement case.

Plaintiff's claims against the state circuit or family court clerks or other court personnel are subject to dismissal as well. "Absolute judicial immunity is extended to non-judicial officers who perform 'quasi-judicial' duties." *MacArthur v. Eaton Cnty. 56A Dist. Ct.*, No. 1:21-CV-775, 2021 WL 4621778, at *3 (W.D. Mich. Oct. 7, 2021). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (probate court administrator entitled to quasi-judicial immunity for his role in carrying out the orders of the court). A court clerk or a clerk's office employee "who performs tasks that are an integral part of the judicial process is entitled to absolute quasi-judicial immunity from suits for

damages." *McGee v. United States*, No. 1:10-CV-521, 2010 WL 3211037, at *2 (S.D. Ohio Aug. 12, 2010) (citing *Gallagher v. Lane*, 75 F. App'x 440, 441 (6th Cir. 2003)). "'When a clerk files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction.'" *McGee*, 2010 WL 3211037, at *2 (quoting *Harris v. Suter*, 3 F. App'x 365, 366 (6th Cir. 2001) (per curiam)). Thus, because Plaintiff's allegations stem from actions and functions "related to the judicial process and fall squarely within the scope of . . . quasi-judicial immunity," *McGee*, 2010 WL 3211037, at *3, these John and Jane Doe Defendants are entitled to absolute quasi-judicial immunity, and Plaintiff's claims against them must be dismissed for seeking monetary relief against a defendant who is immune from such relief.

**E. Commonwealth's Attorney**

In as much as Plaintiff sues the individual Commonwealth's Attorney involved in the collection of child support from Plaintiff, the claims against that prosecutor are also subject to dismissal because "prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting [their] case, enjoy absolute prosecutorial immunity." *Rust v. Larue Cnty. Det. Ctr.*, No. 3:21-CV-P332-DJH, 2021 WL 4976705, at *4 (W.D. Ky. Oct. 26, 2021) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427–28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003)). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *See, e.g., Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (noting that prosecutorial immunity applied to knowingly using false testimony); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to

investigate facts and alleged commission of perjury before the grand jury). Therefore, the claim against Defendant "Commonwealth's Attorney" must also be dismissed.

**F. CHFS Social Workers Defendants Lewis, Green, and Whetstone**

It is well established that "social workers who initiate judicial proceedings against those suspected of child abuse or neglect perform a prosecutorial duty, and so are entitled to absolute immunity." *Rippy v. Hattaway*, 270 F.3d 416, 421 (6th Cir. 2001). Furthermore, "the submission of an affidavit that triggers judicial child-removal proceedings is in fact an act of legal advocacy by social workers." *Bauch v. Richland Cnty.*, 733 F. App'x 292, 296 (6th Cir. 2018) (citing *Barber v. Miller*, 809 F.3d 840, 843 (6th Cir. 2015)). "The Sixth Circuit has also repeatedly held that social workers are absolutely immune for actions that are 'intimately associated' with the judicial phase of proceedings relating to the welfare of the child." *Lunsford v. Kentucky Cabinet for Health & Fam. Servs.*, No. CIV.A. 12-136-DLB, 2012 WL 2880577, at *6 (E.D. Ky. July 13, 2012) (citing *Rippy*, 270 F.3d at 422). This immunity would prohibit any claim against Defendants based upon their function of advising the court regarding the best interests of the child, the amount of child support owed, or flagrant non-support issues, "even if they were 'incorrect in [their] assessment'" or "made intentional misrepresentations in [their] report and recommendation." *Lunsford*, 2012 WL 2880577, *6 (citing *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 726 (6th Cir. 2011)); *see also Morgan v. Kentucky*, No. 3:23-CV-594-DJH, 2024 WL 2884568, at *3 (W.D. Ky. June 7, 2024). Because Plaintiff's claims against Defendants Lewis, Green, and Whetstone are based on actions taken in Plaintiff's state-court child custody or child support enforcement proceedings, these Defendants are immune from suit, and these claims must be dismissed for failure to state a claim upon which relief may be granted.

**G. Defendant Norton Children's Hospital**

Defendant Norton Children's Hospital is not a state actor for purposes of § 1983. The law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Defendant in this case is a private actor. *See*, *e.g.*, *Stackhouse v. St. Joseph Inst. for Addiction*, No. 4:22-CV-1761, 2023 WL 3205334, at *4 (M.D. Pa. May 2, 2023) (private counselors or health care providers are not state actors subject to civil liability under § 1983). Therefore, Plaintiff's claims brought against Norton Children's Hospital pursuant to 42 U.S.C. § 1983 must be dismissed for failure to state a claim upon which relief may be granted.

**IV.**

The Court will enter a separate Order consistent with this Memorandum Opinion and Order.

Date: September 25, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014